IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| EMPLOYERS AND ILLINOIS OPERATIVE PLASTERERS AND CEMENT MASONS LOCAL 18 ANNUITY FUND, and OPERATIVE PLASTERERS AND CEMENT MASONS LOCAL NO. 18 PENSION PLAN,<br><br>   Plaintiffs,<br><br>v.<br><br>H.F. FRITSCH & SONS, INC.,<br><br>   Defendant. | No. 19-cv-3125 |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the motion for partial summary judgment (d/e 19) filed by the Plaintiffs.  For the reasons stated below, Plaintiffs' motion is GRANTED.

## I.  BACKGROUND

The Plaintiffs in this matter are two employee benefit funds, the Employers & Illinois Operative Plasterers and Cement Masons Local 18 Annuity Fund (the "Annuity Fund") and the Operative

Plasterers and Cement Masons Local No. 18 Pension Plan (the "Pension Fund"). Defendant is an Illinois corporation located in Springfield, Illinois. Defendant employs individuals who perform work for which fringe benefit contributions are owed to Plaintiffs under the provisions of a collective bargaining agreement.

On May 10, 2019, Plaintiffs filed a Complaint (d/e 1) alleging that Defendant had violated Defendant's obligation to pay fringe benefit contributions to the Plaintiffs and seeking to recover delinquent contributions and liquidated damages. On July 15, 2019, Plaintiffs moved this Court for an entry of default against Defendant, and default was entered on July 16, 2019. See d/e 6. After the entry of default, however, the Court on its own motion found that Defendants had not been properly served and directed Plaintiffs to effectuate service. See Text Order entered on August 29, 2019. On September 4, 2019, Defendant was properly served for the first time, and on September 18, 2019, an attorney representing Defendant filed an appearance. Since that date, Defendant has participated in this case, including by attending status hearings and responding to Plaintiffs' requests for

admissions of fact.  As of the date of this order, however, Defendant has not answered or otherwise responded to Plaintiffs' Complaint.

On March 22, 2021, Plaintiffs filed the instant motion for partial summary judgment (d/e 19).  Plaintiffs' motion includes a statement of undisputed material facts, and Plaintiffs have also attached a copy of Defendant's response to Plaintiffs' requests for admissions of fact, in which Defendant affirmatively admits to the essential factual allegations of Plaintiffs' Complaint.  The instant motion requests: (i) summary judgment for Plaintiffs as to Defendant's liability for unpaid fringe benefit contributions, liquidated damages, and attorneys' fees and costs, (ii) entry of an order authorizing an accounting, and (iii) an order authorizing a payroll audit of Defendant's records.

## II.   LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The movant bears the initial responsibility of informing the Court of the basis for the motion and identifying the evidence the movant

believes demonstrates the absence of any genuine dispute of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party.  Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc., 986 F.3d 711, 718 (7th Cir. 2021).  When ruling on a motion for summary judgment, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  King v. Hendricks Cty. Commissioners, 954 F.3d 981, 984 (7th Cir. 2020).

### III.  ANALYSIS

Because Defendant had not been properly served when the Court ordered entry of default on July 16, 2019, the Court lacked personal jurisdiction over Defendant on that date.  See United States v. Ligas, 549 F.3d 497, 500 (7th Cir. 2008) ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process").  An entry of default issued without personal jurisdiction over the purportedly defaulted party is void ab initio.  See Pardo v. Mecum Auction, Inc.,

No. 12-CV-08410, 2014 WL 627690, at *2 (N.D. Ill. Feb. 18, 2014). Accordingly, Defendant has not been defaulted. However, Defendant has admitted to the essential allegations of the complaint and has not disputed any of the facts asserted by Plaintiff. Therefore, there is no dispute of material fact in this case and summary judgment as to liability is appropriate.

**A.    Plaintiffs Are Entitled to Recover Delinquent Contributions, Liquidated Damages, and Attorneys' Fees and Costs.**

Pursuant to 29 U.S.C. § 1132(g)(2), a court that enters judgment in favor of a plan in an action under 29 U.S.C. § 1145 to recover delinquent contributions is also required to award the prevailing plan's attorneys' fees and costs. Laborers' Pension Fund v. RES Env't Servs., Inc., 377 F.3d 735, 739 (7th Cir. 2004). The prevailing plan is also entitled to collect liquidated damages as provided for under the trust agreement between the plan and the employer. Id. Here, Defendant has admitted that Defendant is bound by both the trust agreement of the Pension Fund and the trust agreement of the Annuity Fund. See d/e 19-2, p. 112. Each fund assesses liquidated damages for contributions not timely paid

in the amount of ten percent of the delinquent contributions. See d/e 19-1, ¶ 5. Furthermore, the trust agreements both provide that an employer who is bound by the trust agreements and becomes delinquent in its contributions is liable for the reasonable attorney's fees and costs incurred by the fund to recoup the delinquent contributions and liquidated damages. See d/e 19-2, pp. 61, 83. Defendant has admitted to having been delinquent with respect to several required contributions. See d/e 19-2, pp. 104–113. Additionally, Defendant has not disputed Plaintiffs' assertion that Defendant has failed to remit several required contributions that became due to Plaintiffs between April 2018 and November 2019. See d/e 19, p. 7. Accordingly, the Court finds that Defendant is liable to Plaintiffs for any delinquent contributions which Defendant has not already remitted to Plaintiffs, for liquidated damages on all the contributions not timely remitted, and for the reasonable attorneys' fees and costs incurred by Plaintiffs in this action. However, Plaintiffs have not yet submitted an accounting of Plaintiffs' attorneys' fees and costs, and Defendant has not submitted the information necessary to determine the amount of

unpaid contributions and liquidated damages for which Defendant is liable. Accordingly, the Court will enter judgment as to liability only at this time. Damages, fees, and costs will be calculated at a later date.

**B.    Pursuant to the Terms of the Trust Agreements, Plaintiffs Are Entitled to Conduct a Payroll Audit of Defendant.**

The trust agreements both provide that the plans have the right to examine pertinent payroll and employment records of an employer bound by the trust agreements. See d/e 19-2, pp. 61, 82–83; see also Elec. Constr. Indus. Prefunding Credit Reimbursement Program v. Veterans Elec., LLC, 941 F.3d 311, 315 (7th Cir. 2019) ("In light of the fiduciary duties imposed by ERISA on union trustees and the authority provided by the Trust Agreements, the Funds had the right to conduct random audits on employer payroll records."). Here, Plaintiffs have determined that an audit is needed in order to determine the amount of contributions and liquidated damages owed by Defendant. Accordingly, Defendant is obliged to submit to a payroll audit and to make Defendant's payroll and other business records available to the Plaintiffs for audit purposes.

## IV.   CONCLUSION

For the reasons stated, Defendants' motion for partial summary judgment (d/e 19) is **GRANTED**.  The Court finds that Defendant H.F. Fritsch & Sons, Inc. is liable to Plaintiffs for unpaid contributions and liquidated damages in an amount to be determined at a later date.  The Court further finds that Plaintiffs are entitled to recover their reasonable attorneys' fees and costs of suit.  It is hereby **ORDERED** that:

**1.**   Defendant shall provide and/or make available to Plaintiffs, or to an auditor designated by Plaintiffs, within 30 days of the entry of this order, all of Defendant's payroll and other business records for the period between April 2018 and the date of this order, including but not limited to: (1) payroll journals or computer printouts showing employees' paycheck history, hours, and gross wages; (2) individual earnings and time records on all employees; (3) job cost records; (4) annual earnings reports (W-2 and W-3); (5) 1099's and 1096 forms; (6) quarterly federal withholding and FICA tax returns (Form 941); (7) quarterly contribution and wage reports

for state unemployment compensation; (8) copies of all monthly fringe benefit report forms; and (9) cash disbursement records.

    **2.**    After completion of the payroll accounting/audit, Plaintiff is granted leave to supplement its motion for partial summary judgment based on the findings of the audit.

    **3.**    The August 31, 2021, trial setting in this matter is **VACATED**.

**ENTERED:  July 29, 2021**

**FOR THE COURT:**

                              */s/ Sue E. Myerscough*
                              **SUE E. MYERSCOUGH**
                              **UNITED STATES DISTRICT JUDGE**